# HEDIN LLP

| | |
|---|---|
| 1395 Brickell Avenue, Suite 610<br>Miami, Florida 33131-3353<br>www.hedinllp.com | Elliot O. Jackson<br>(305) 357-2107<br>ejackson@hedinllp.com |

September 25, 2024

Hon. Gregory H. Woods
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Golland et al. v. Major League Baseball Adv. Media, L.P.*, No. 24-cv-06270- GHW-GWG

Dear Judge Woods:

On behalf of Plaintiffs Aaron Golland, Timothy Parker, Jose Santiago, and Lance Smith, I write in response to Defendant Major League Baseball Advanced Media L.P.'s pre-motion letter dated September 18, 2024. (ECF No. 12.) Plaintiffs will oppose Defendant's forthcoming motion to dismiss and to strike for the reasons summarized below.

1. **Defendant Cannot Establish Plaintiffs' Assent to the Terms of Use, but even if it Could, the Terms of Use are Unconscionable and thus Unenforceable**

First, Defendant states that it intends to move to strike the Complaint's class allegations pursuant to a class-action waiver provision found in an electronic document titled "Terms of Use" (the "TOU"). Defendant exclusively drafted the TOU, and Defendant purports to impose the TOU on all subscribers to its services on a take-it-or-leave-it basis. As will be explained in detail in Plaintiffs' response in opposition to Defendant's motion, Defendant cannot satisfy its threshold burden of establishing that Plaintiffs manifested their assent to the TOU – but even if it could, the TOU would nonetheless be unenforceable in this case.

As a threshold matter, based on the manner in which the TOU is referenced on Defendant's enrollment screens, Defendant cannot demonstrate that Plaintiffs manifested their assent to the TOU by enrolling in Defendant's services. Mutual assent is an essential element to contract formation, and without it, there is no basis to enforce any of the TOU's provisions against Plaintiffs in this case. *See Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017) (explaining that online contracts of adhesion are only enforceable where "the layout and language of the site give the user reasonable notice that a click will manifest assent to an agreement").

But even if Plaintiffs are found to have assented to the TOU, the TOU (and its incorporated class-action waiver) are still unenforceable in this case. The terms within the TOU are so obviously one-sided in Defendant's favor – including, for example, by affording Defendant the

exclusive right to modify or terminate the agreement at any time in its complete and sole discretion, by picking and choosing the types of actions that are arbitrable and subject to the class waiver, and by being permeated with many other terms that are plainly unfair and burdensome to the consumer – so as to render the TOU as a whole both substantively and procedurally unconscionable and, consequently, unenforceable by Defendant in this case. *See Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999); *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 384 (S.D.N.Y. 2002).

Accordingly, any motion to strike that Defendant files will be without merit.

**2. Plaintiffs Are Consumers Under the Video Privacy Protection Act**

Defendant also states that it will move to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6), on the grounds that the Complaint fails to adequately allege that Plaintiffs are "consumers" under the Video Privacy Protection Act ("VPPA"), that Defendant disclosed Plaintiffs' video purchase information to a third party without consent, or that the information Defendant disclosed to Meta identified Plaintiffs as the subjects of that information. These arguments are also without merit. The Complaint easily and plausibly alleges a violation of the VPPA.

The Complaint adequately alleges facts demonstrating that Plaintiffs are "consumers" within the meaning of 18 U.S.C. § 2710. (ECF No. 1 at ¶¶ 9, 16, 23, 30, 89.) Specifically, the Complaint alleges, *inter alia*, that "Plaintiffs and Class members, as subscribers of Defendant's MLB TV service that provides them video content, are "consumers" as defined in 18 U.S.C. § 2710(a)(1)," (*id.* at ¶ 89), and the only thing provided by the subscription Plaintiffs purchased was "access to a digital library" of baseball-related video content. (*See id.* at ¶ 36.) The Complaint also alleges that Plaintiffs requested or obtained particular videos from Defendant's service upon becoming paying subscribers. (*Id.* at ¶¶ 10, 17, 24, 31, 89-90.) These allegations adequately demonstrate that Plaintiffs are "consumers" within the meaning of 18 U.S.C. § 2710, and that this case is distinguishable from the two newsletter subscription cases and the singular streaming app case cited by Defendant. *Cf. Lamb v. Forbes Media LLC*, No. 22-CV-06319-ALC, 2023 WL 6318033, at *12 (S.D.N.Y. Sept. 28, 2023) (plaintiff signed up for the free Forbes newsletter – no purchase); *Golden v. NBCUniversal Media, LLC*, No. 22 CIV. 9858 (PAE), 2024 WL 4149219, at *4 (S.D.N.Y. Sept. 11, 2024) (plaintiff signed up for a free mobile app and newsletter from Today.com – no purchase); *Hughes, v. National Football League*, No. 1:22-CV-10743 (JLR), 2024 WL 4063740, at *5 (S.D.N.Y. Sept. 5, 2024) (plaintiff failed to allege the NFL+ app sold prerecorded video content). Plaintiffs are therefore consumers under the VPPA. *See, e.g., Collins v. Pearson Educ., Inc.*, No. 23 CIV. 2219 (PAE), 2024 WL 895316, at *9 (S.D.N.Y. Mar. 1, 2024) (collecting cases).

The Complaint also adequately alleges facts demonstrating that the information Defendant disclosed to Meta was personally identifying in nature. Specifically, the Complaint alleges that Defendant disclosed Plaintiffs' Facebook IDs (or "FIDs"), along with information identifying Plaintiffs both as purchasers of subscriptions to Defendant's video streaming service and as



persons who requested or obtained particular video titles using such service, to Meta on a systematic basis during the class period. (*See, e.g.,* ECF No. 1 at ¶¶ 1, 10, 13, 17, 20, 24, 27, 31, 34, 63, 72, 90.) The Complaint further alleges that an "FID identifies a person more precisely than a name, as numerous persons may share the same name but each person's Facebook profile (and associated FID) uniquely identifies one and only one person" (ECF No. 1 at ¶ 3), and that "[w]ith only a person's FID and the video content name or URL that the person requested on Defendant's website—all of which Defendant knowingly provides to Meta —any ordinary person could learn the identity of the person to whom the FID corresponds and the specific video products or services that this person requested." (ECF No. 1 at ¶ 73.). These allegations adequately establish the personally identifying nature of the information disclosed. *See, e.g., Czarnionka v. Epoch Times Ass'n, Inc.*, No. 1:22-cv-6348 (AKH), 2022 WL 17069810, at *3 (S.D.N.Y. Nov. 17, 2022) ("Defendant's installation of the Pixel exposed its subscribers' information to Facebook. This is sufficient to constitute "disclosure" under the VPPA.").

Finally, the Complaint adequately alleges facts demonstrating that Defendant disclosed Plaintiffs' data without their consent. Specifically, each Plaintiff alleges that Defendant automatically disclosed to Meta their "FID" – which reveals their name, address, and other personally identifying information as it appears on their Facebook account – when they purchased a subscription to Defendant's MLB TV service and that Defendant also automatically disclosed their FID (together with the title of the video requested or obtained) each time they requested or obtained a particular video as a paying subscriber. (ECF No. 1 at ¶¶ 10, 17, 24, 31, 71, 89.) Plaintiffs have thus sufficiently alleged disclosure of their VPPA-protected information to Meta. *See, e.g., Collins*, 2024 WL 895316, at *9 (S.D.N.Y. Mar. 1, 2024).

For the foregoing reasons and the reasons to be set forth in Plaintiffs' formal response in opposition to Defendant's forthcoming motion to dismiss and to strike, there is no basis for the Court to dismiss or strike any aspect of the Complaint in this case.

Respectfully Submitted,

**HEDIN LLP**

_____
Elliot O. Jackson

*Counsel for Plaintiffs and the Putative Class*

Cc: Counsel of Record via CM/ECF

**HEDIN** LLP

1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com