UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN HENRY,

    Plaintiff,

-v.-                                      No. 24 Civ. 1446 (GHW)(GWG)

MAJOR LEAGUE BASEBALL ADVANCED
MEDIA, L.P.

    Defendant.

--------------------------------------------------------------X

AARON GOLLAND et al.,

    Plaintiffs,

-v.-                                      24 Civ. 6270 (GHW)(GWG)

MAJOR LEAGUE BASEBALL ADVANCED
MEDIA, L.P.

    Defendant.

--------------------------------------------------------------X

## JOINT RESPONSE TO ORDER TO SHOW CAUSE

The parties, plaintiff Bryan Henry ("Henry"), plaintiffs Aaron Golland, Timothy Parker, Jose Santiago, and Lance Smith ("Golland") (together, "Plaintiffs") and Defendant Major League Baseball Advanced Media, L.P. ("MLBAM"), jointly respond to this Court's Order to Show Cause why these cases should not be consolidated for all purposes, and why there should not be a single complaint that governs both cases. The parties held a teleconference on October 1, 2024, to discuss this matter among themselves before filing this response.

A. **Plaintiffs' Position**

Henry and Golland oppose consolidation and the filing of a consolidated complaint.

Henry opposes any action that would prevent this Court from resolving the fully briefed motion to dismiss in his lawsuit. As detailed in Bryan's opposition to MLBAM's motion to dismiss, Henry's Counsel has been litigating VPPA claims with MLBAM over VPPA claims for two years: first, through mass arbitrations, and now, through a class action complaint that has been pending since February 2024. MLBAM's motion to dismiss is fully briefed and ripe for adjudication. Henry opposes consolidation and the filing of a consolidated complaint at this time because it would moot the motion to dismiss, significantly prejudicing both Henry and MLBAM. Should the Court order consolidation, Henry will request for the Golland action to be stayed pursuant to the first filed rule until the Court adjudicates Henry's motion to dismiss.

The plaintiffs in *Golland* believe that consolidation is unwarranted at this time for three reasons. First, there are four named plaintiffs in *Golland* who collectively enrolled in defendant's services in three separate ways, involving at least two enrollment "flows" that are significantly different from the single enrollment flow at issue in *Henry*. Thus, there are several threshold issues relevant to the plaintiffs' claims in *Golland* that are not relevant to the plaintiff's claim in the *Henry* action, including fact-specific issues of contract formation. Second, the *Golland* plaintiffs intend to oppose Defendant's forthcoming motion to dismiss the *Golland* action on several grounds not raised by the *Henry* plaintiff in opposition to the motion to dismiss filed by Defendant in the *Henry* action, and the *Golland* plaintiffs should be permitted to raise those arguments rather than be limited to the arguments made in the briefing already filed by the *Henry* plaintiff. Third, the motion to dismiss filed by Defendant in the *Henry* action is fully briefed and under submission before the Court, and the Defendant has already submitted a pre-motion letter concerning the motion to dismiss that it intends to file in less than two weeks in the *Golland* action. In light of the threshold, non-overlapping issues in the two cases, as described

above, the *Golland* plaintiffs respectfully submit that the interests of judicial economy and efficiency would be best served by the Court deferring any decision on consolidation until after the motions to dismiss filed by Defendant in both cases have been resolved. This would permit the Court to decide the fully briefed motion to dismiss the *Henry* action without delay, would afford the *Golland* plaintiffs an opportunity to raise any and all arguments they have in opposition to Defendant's forthcoming motion to dismiss their action, and, if both cases survive, would allow for them to be consolidated without causing prejudice to any party.

### B. MLBAM's Position

Both *Henry* and *Golland* should be dismissed at the pleadings stage for the same reasons. Consolidation is thus appropriate under Federal Rule of Civil Procedure 42 because it would avoid further burdening this Court with redundant briefing and avoid prejudicing MLBAM from having to litigate the same issues twice.

Plaintiffs improperly oppose consolidation on the grounds that their cases are too different based on "fact-specific" issues. This objection fails to acknowledge that both cases seek a class action on behalf of the same purported class members under the same legal theories. The *Henry* and *Golland* plaintiffs assert VPPA claims on behalf of a proposed nationwide class of anyone who subscribed to an MLBAM website or app and allegedly had their video-viewing information disclosed to Facebook. (*Compare Henry* Compl. ¶ 50 (defining class), *with Golland* Compl. ¶ 79 (defining class).) Both allege the same legal theory: that a routine software tool installed on an MLBAM website "systematically" disclosed their viewing information to Facebook. (*Compare Henry* Compl. ¶ 20 (describing theory of "systematic[] disclosures"), *with Golland* Compl. ¶ 72 (describing same theory).) And both allege that a class action is the appropriate method of resolving these claims because of the same core legal issues: (1) whether MLBAM "knowingly"

disclosed the plaintiffs' information to Facebook; (2) whether this alleged conduct violates the VPPA; and (3) whether the class is therefore entitled to legal and equitable relief. (*Compare Henry* Compl. ¶ 54 (identifying common questions of law and fact), *with Golland* Compl. ¶ 81 (identifying same questions).)

The factual distinctions that Plaintiffs describe are indeed reasons why their cases should not be certified as class actions, but those distinctions are irrelevant to the reasons why both cases fail at the pleading stage. For example, Plaintiffs in both cases—as alleged subscribers to MLBAM's services—are subject to the same class-action waiver found in MLBAM's Terms of Use. MLBAM has already briefed this issue in *Henry*. The Court need address it only once. Likewise, both complaints lack sufficient factual allegations to show what—if any—of Plaintiffs' alleged viewing information was ever disclosed. Without consolidation, the briefing volume on these same issues would double. And duplicate briefing would be procedurally unfair to MLBAM, as it would give the *Golland* Plaintiffs a second bite at the apple by allowing another class representative to raise supposedly new and different arguments with the hindsight of the briefing, or an order in the *Henry* case.

Plaintiffs make three arguments against consolidation. First, they argue that the named plaintiffs enrolled as subscribers in different ways. Yet they never once identify separate classes. To the contrary, they have confirmed to MLBAM's counsel that the classes are entirely overlapping. Second, the *Golland* Plaintiffs say they will raise different arguments in opposition to a motion to dismiss. But that argument only highlights the prejudice to MLBAM that would come from separate, consecutive complaints and briefing schedules. Third, they argue that a new complaint would cause delay. But their own proposal would create multiple rounds of briefing and result in an equally extended, or even longer, timeline.

Because consolidation of these cases would promote efficiency and avoid prejudice, MLBAM requests that they be consolidated under Rule 42. And to avoid prejudice to MLBAM and efficiently dispose of these issues, MLBAM requests that the *Golland* case be subject to any rulings on MLBAM's motion to strike and dismiss the complaint in *Henry*.

Dated: October 2, 2024

Respectfully submitted,

**SHAMIS & GENTILE, P.A.**

*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
New York Bar No. 5195185
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, FL 33132

**EDELSBERG LAW, P.A.**

*/s/ Adam A. Schwartzbaum*
Adam A. Schwartzbaum, Esq.*
Florida Bar No. 93014
adam@edelsberglaw.com
Scott Edelsberg, Esq.*
Florida Bar No. 100537
scott@edelsberglaw.com
20900 NE 30th Avenue
Aventura, FL 33180

\**Pro Hac Vice* to be filed

*Counsel for Henry Plaintiff and the Proposed Class*

**HEDIN LLP**

/s/ Elliot O. Jackson
Elliot O. Jackson
ejackson@hedinllp.com
New York Reg. No. 6076798

Frank S. Hedin*
Fhedin@hedinllp.com
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

*ature *Pro Hac Vice* to be filed

*Counsel for Golland Plaintiffs and the Putative Class*

**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**

By: *S/ Alan E. Littmann*
Alan E. Littmann (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
 BRENNAN & BAUM LLP
200 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
Telephone: (312) 681-6000
Facsimile: (312) 881-5191
Email: alittmann@goldmanismail.com

*Attorney for Defendant*
*Major League Baseball Advanced Media, L.P.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 2, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record in this action via CM/ECF.

*S/ Alan E. Littmann*
Alan E. Littmann