# HEDIN LLP

1395 Brickell Avenue, Suite 610  
Miami, Florida 33131-3353  
www.hedinllp.com

**Elliot O. Jackson**  
(305) 357-2107  
ejackson@hedinllp.com

*VIA CM/ECF*

May 21, 2025

Hon. Gabriel W. Gorenstein  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

**Re:** Notice of Supplemental Authority (ECF No. 41) in *Golland et al. v. Major League Baseball Advanced Media, L.P.*, No. 1:24-cv-06270-GHW-GWG

Dear Judge Gorenstein:

    Pursuant to the Court's Order dated May 14, 2025 (ECF No. 42), Plaintiffs in the above-entitled action submit this letter in response to Defendant's notice of supplemental authority (ECF No. 41) apprising the Court of the decision in *Solomon v. Flipps Media, Inc.*, --- F.4th ---, 2025 WL 1256641 (2d Cir. May 1, 2025) (finding that the defendant's use of the Meta Pixel to disclose the plaintiff's FID and video titles to Meta, as alleged in the complaint, would not permit an "ordinary recipient" of such information "to identify [the plaintiff's] video-watching habits," and thus does not give rise to a claim for violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710).

    As a threshold matter, the decision in *Solomon* is not "binding authority" (ECF No. 41 at 1) – at least not yet – because the Second Circuit has not yet issued its mandate. *See Beharry v. Ashcroft*, 329 F.3d 51, 58 (2d Cir. 2003) (refusing to consider published intracircuit decision where "the mandate in that case has not issued and a petition for rehearing is *sub judice* at present"). The appellant in *Solomon* intends to file a petition for rehearing or rehearing en banc (*Solomon*, No. 23-7597, Dkt. No. 46 at 1 (Order dated May 15, 2025, granting appellant until June 14, 2025 to do so)), and the Second Circuit will not issue its mandate until that petition is resolved.

    However, even if *Solomon* ultimately binds this Court and renders Plaintiffs' VPPA claim arising from Defendant's disclosures to Meta untenable, Plaintiffs have nonetheless stated a VPPA claim based upon their allegations that Defendant disclosed (*inter alia*) their "email address[es]," the fact that they "purchase[d] streaming service subscription[s]" from Defendant, and the titles of "the particular videos that [they] requested or obtained while on [Defendant's] website or

streaming service" – information that is indisputably protected from disclosure by the VPPA – ***to Snapchat via the Snapchat Pixel***. *See* ECF No. 34 (operative First Amended Complaint) ¶ 5; *see also id.* ¶¶ 6, 24, 27-29, 100-115, 130; *see, e.g., Ghanaat v. Numerade Labs, Inc.*, 689 F.Supp.3d 714, 720 (N.D. Cal., 2023) (email addresses are "personally identifiable information" within the meaning of the VPPA). The decision in *Solomon* does not address the Snapchat Pixel and thus cannot possibly have any bearing on the sufficiency of Plaintiffs' allegations concerning Defendant's disclosures of their information to Snapchat via the Snapchat Pixel.

Respectfully submitted,

By: */s/ Elliot O. Jackson*
Elliot O. Jackson

*Counsel for Plaintiffs and Putative Class*

Cc:   All counsel of record (via CM/ECF)

