UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRYAN HENRY,

        Plaintiff,

    -against-

MAJOR LEAGUE BASEBALL
ADVANCED MEDIA, L.P.,

        Defendant.
-------------------------------------------------------X
AARON GOLLAND et al.,

        Plaintiffs,

    -v.-

MAJOR LEAGUE BASEBALL
ADVANCED MEDIA, L.P.,

        Defendant.
-------------------------------------------------------X
ERIC WONG et al.,

        Plaintiffs,

    -v.-

MLB ADVANCED MEDIA, L.P.,

        Defendant.
-------------------------------------------------------X

ORDER
24 Civ. 1446 (GHW) (GWG)

24 Civ. 6270 (GHW) (GWG)

25 Civ. 777 (GHW) (GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

    The parties' briefing of the pending motions to dismiss in the above three cases has highlighted the importance of the recent Second Circuit decision of Solomon v. Flipps Media, Inc., 136 F.4th 41 (2d Cir. 2025). In letters, the parties have informed the Court that the appellant in Solomon intends to petition for panel rehearing or rehearing en banc on or before June 14, 2025.[1]  In two of the cases, the plaintiffs have requested that the Court forgo resolving

---

[1]  See Docket # 43 in 24cv6270 at 1; Docket # 49 in 24cv1446 at 3; Docket # 73 in 25cv777 at 2.

1

defendant's pending motions to dismiss until after the Second Circuit's decides the expected petition for rehearing or rehearing en banc.[2]  Defendant does not object to this request.[3]

To further the interest of judicial efficiency, the Court grants the request.  The pending motions to dismiss (Docket # 41 in 24 Civ. 1446, Docket # 35 in 24 Civ. 6270, and Docket # 29 in 25 Civ. 777) are deemed withdrawn.  The defendant may reinstate the motions by letter filed in each case within 14 days of the disposition of the resolution of Solomon in the Second Circuit.  The letters shall indicate whether additional briefing is requested by the parties and, if so, shall contain a proposed schedule for such briefing.

SO ORDERED.

Dated: June 11, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] See Docket # 73 in 25cv777 at 2 ("Plaintiffs submit that, to the extent Solomon dictates the outcome of Defendant's motions, any such decision should be postponed until, at minimum, the Second Circuit determines whether it will rehear the case. . . . Given the imminent potential for rehearing, reversal, or further guidance, Plaintiffs believe it would best serve the interests of judicial economy to await a decision on a petition for rehearing prior to resolving a motion based on Solomon's holding."); Docket # 49 in 24cv1446 at 3 ("Plaintiff respectfully requests that the Court refrain from relying on or applying that decision in this matter until the petition for rehearing is resolved and the appellate process is complete.  This approach will ensure that the Court's ruling is based on settled law and avoids potential inconsistencies should the Second Circuit modify, vacate, or reverse the decision.").

[3] See Docket # 51 in 24cv1446 at 3 ("MLBAM does not object to Plaintiffs' request that the Court wait to issue a decision applying Solomon until after any petitions for rehearing in that case have been decided."); Docket # 75 in 25cv777 at 2 (same).