# HEDIN LLP

1395 Brickell Avenue, Suite 610  
Miami, Florida 33131-3353  
www.hedinllp.com

**Elliot O. Jackson**  
(305) 357-2107  
Ejackson@hedinllp.com

October 24, 2025

The Honorable Gabriel W. Gorenstein  
United States Magistrate Judge  
United States District Court for the Southern District of New York  
500 Pearl Street  
New York, NY 10007

> **Re: *Golland v. Major League Baseball Advanced Media, L.P.*,  Case No. 1:24-cv-06270-GHW-GWG— Notice of Petition for Writ of Certiorari in *Solomon v. Flipps Media*.**

Dear Judge Gorenstein,

      The *Golland* Plaintiffs submit this letter in response to the Court's Order reinstating Defendant's motion to dismiss.  (ECF No. 50)  The *Golland* Plaintiffs write to provide notice to this Court that a petition for writ of certiorari has been filed with the United States Supreme Court in *Solomon v. Flipps Media, Inc.*, No. 23-7597 (2d Cir.) (a copy of the docketing letter and petition is attached hereto as **Composite Exhibit A**.) The Court's Order of June 11, 2025 specifically authorized Defendant to "reinstate the motions by letter filed in each case within 14 days of the disposition of the resolution of Solomon in the Second Circuit."  (ECF No. 46.)  However, the Defendant failed to notify this Court that the Second Circuit has not fully disposed of the matter since there has been a petition for writ of certiorari filed. The fact that the Second Circuit's mandate is still on the docket is irrelevant, as the parties can request its recall at any time, and such a request will be granted since a Petition for Writ of Certiorari has been filed.  *See, e.g., ACLU v. Department of Defense*, No. 06-3410 (2d Cir. June 10, 2009) (granting motion to recall mandate).

      As explained in their letter dated May 21, 2025, the *Golland* Plaintiffs now reaffirm that concerns about finality counsel in favor of staying this Court's decision on the motion to dismiss until the Supreme Court decides whether to grant certiorari.  The Second Circuit fortified a circuit split through its *Solomon* decision and the First Circuit's *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016) decision.  *Before Solomon*, the Supreme Court allowed *Yershov* to coexist with the Ninth and Third Circuit's "ordinary person" rulings, which recognized that technology-specific unique identifiers permitting third parties to understand a consumer's identity could qualify as "personally identifiable information" under the VPPA.  *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 986 (9th Cir. 2017) ("Our decision today, though it adopts a different test, does not necessarily conflict with *Yershov*."); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 290 (3d Cir. 2016) ("Some disclosures predicated on new technology, such as the dissemination of precise GPS coordinates or customer ID numbers, may suffice."). Now, there is simply no room for *Yershov* and *Solomon* to each remain standing without clear guidance from the Supreme Court.  *See Hughes v. Nat'l Football League*, No. 24-2656, 2025 WL

1720295, at *2 (2d Cir. June 20, 2025) ("*Solomon* effectively shut the door for Pixel-based VPPA claims."). Indeed, certiorari review is appropriate. *See* Supreme Court Rule 10; *Stanley v. City of Sanford, Fla.*, 145 S. Ct. 2058, 2063 (2025) ("We granted certiorari to resolve the circuits' disagreement"); *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 587 U.S. 601, 606 (2019) ("Given the disagreement between the Fifth and Ninth Circuits, we granted certiorari"); *Quern v. Jordan*, 440 U.S. 332, 334 (1979) ("We granted certiorari to resolve an apparent conflict between the decision of the United States Court of Appeals for the Seventh Circuit in this case and that of the Court of Appeals for the Third Circuit").

Therefore, the *Golland* Plaintiffs request that this Court hold in abeyance Defendant's motion to dismiss with prejudice Plaintiffs' VPPA claims and to strike Plaintiffs' class allegations. (ECF No. 35.) The *Golland* Plaintiffs further request that this Court stay its consideration of the motion to dismiss until 60 days after the Supreme Court decides whether to grant certiorari.

Respectfully submitted,

By: */s/ Elliot O. Jackson*
Elliot O. Jackson
New York Reg. No. 6076798
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Email:       Ejackson@hedinllp.com
Telephone:   305-357-2107
Facsimile:   305-200-8801