UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRYAN HENRY,                                    :

            Plaintiff,                  :
                                                  ORDER
        -against-                  :   24 Civ. 1446 (GHW) (GWG)

MAJOR LEAGUE BASEBALL                           :
ADVANCED MEDIA, L.P.,
                                                :
           Defendant.
-------------------------------------------------------X
AARON GOLLAND et al.,                           :

            Plaintiffs,                 :

      -v.-                                      :
                                                  24 Civ. 6270 (GHW) (GWG)
MAJOR LEAGUE BASEBALL                           :
ADVANCED MEDIA, L.P.,
                                                :
           Defendant.
-------------------------------------------------------X
ERIC WONG et al.,                               :

            Plaintiffs,                 :

      -v.-                                      :
                                                  25 Civ. 777 (GHW) (GWG)
MLB ADVANCED MEDIA, L.P.,                       :

           Defendant.                  :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The three complaints before the Court appear to be unique among recent cases relating to non-party Meta's pixel in that they do not supply allegations as to the specific manner in which defendant disclosed personally identifiable information to Meta -- most obviously, by including in the complaints an exemplar of such a disclosure. See Nixon v. Pond5, Inc., 2025 WL 2030303, at *5 (S.D.N.Y. July 21, 2025); Joiner v. NHL Enters., Inc., 2025 WL 2846431, at *2 (S.D.N.Y. Aug. 29, 2025); Golden v. NBCUniversal Media, LLC, 2025 WL 2530689, at *3 (S.D.N.Y. Sept. 3, 2025); Taino v. Bow Tie Cinemas, LLC, 2025 WL 2652730, at *3 (S.D.N.Y. Sept. 16, 2025); Salazar v. Nat'l Basketball Ass'n, 2025 WL 2830939, at *1 (S.D.N.Y. Oct. 6, 2025); Simon v. Scripps Networks, LLC, 2025 WL 3167915, at *7 (S.D.N.Y. Nov. 13, 2025).

The Court questions whether the three complaints before us are conclusory as to this issue and thus cannot survive defendant's motions to dismiss for this reason alone. The same issue arises with respect to plaintiff Golland's allegations relating to non-party Snap's pixel.

The failing perceived by the Court could be easily remedied in any number of ways: for example, (1) by the parties' stipulating to exemplars; (2) the Court deeming the data defendant allegedly disclosed to Meta or Snap as "integral" to the complaints and thus appropriately considered on defendant's motions to dismiss (though as a practical matter this could only occur if plaintiffs or defendant supplied an uncontested exemplar); or (3) by permitting defendant to move in the alternative for summary judgment where the sole issue of material fact would be what the data disclosed to Meta or Snap looked like.

The parties are directed to discuss this matter among themselves forthwith. A telephone conference as to the issue shall take place on Tuesday, December 2, 2025, at 10:30 a.m.

At the above date and time, the parties shall dial 646-453-4442 and use access code: 289 505 110#  The Court will record the proceeding for purposes of transcription in the event a transcript is ordered. However, any other recording or dissemination of the proceeding in any form is forbidden.

When addressing the Court, counsel must not use a speakerphone.

Each attorney or unrepresented party is directed to ensure that all other attorneys or unrepresented parties on the case are aware of the conference date and time. In addition, any requests for an adjournment must be made in compliance with Judge Gorenstein's rules (available https://nysd.uscourts.gov/hon-gabriel-w-gorenstein).

SO ORDERED.

Dated: November 24, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2